IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND, INDIANA

| | |
|---|---|
| JOSHUA J. MOES | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:23-cv-328 ) |
| GOSHEN HOSPITAL ASSOCIATION INC d/b/a GOSHEN HOSPITAL | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on January 26, 2023.

**PARTIES**

3. Plaintiff is a male and at all relevant times resided in the Northern District of Indiana.

4. Defendant is a nonprofit corporation doing business in the State of Indiana in the Northern District of Indiana.

**FACTS**

5. Plaintiff was hired as a certified respiratory therapist by Goshen Health Hospital on or about July 11, 2022.

6. Plaintiff performed his job well.

7. Plaintiff's most recent supervisor was the Director of Cardiopulmonary Services.

8. In early October of 2022, Plaintiff was called by Human Resources due to making a comment to a female coworker about a whistle in the shape of a penis that was given to him by another female coworker that day. Many of Plaintiff's female coworkers made jokes throughout the day about the whistle.

9. Plaintiff was called and told to return early from his vacation to have a meeting with the Director of Cardiopulmonary Services and the Director of Intensive Care Unit.

10. Plaintiff returned from his vacation and attended the meeting where he was told an investigation would be performed on the whistle incident.

11. On or around October 17, 2022, the Plaintiff received a call from his supervisor, the Director of Cardiopulmonary Services. Plaintiff's supervisor told him that regarding the whistle incident "well after further review no harm no foul, just don't let it happen again".

12. Plaintiff requested paperwork from his supervisor that indicated the investigation was closed and no action was taken. Plaintiff's supervisor said he had signed off on the closure, but could not produce any documentation.

13. The following week, Plaintiff requested a meeting with Human Resources to ensure that his personnel record was clear regarding the whistle matter which angered his direct supervisor.

14. On November 26, 2022, the Plaintiff was contacted by Human Resources to arrange a meeting to discuss the issue. During the meeting with his supervisor and Human Resources, the Plaintiff was told that no corrective action was taken and that he could access his entire personnel file to be satisfied.

15. On December 10, 2022, Plaintiff was called into a meeting with Human Resources and the Director of Cardiopulmonary Services regarding alleged inappropriate sexually explicit messages that the Plaintiff sent to a female coworker via Facebook Messenger. Plaintiff was not allowed to provide information or make a complaint about the female worker.

16. Later that night on December 10, 2022, between midnight and 5 a.m, Plaintiff received multiple calls from his supervisor. Plaintiff explained by text message that his family was sleeping and he could not take the call. His supervisor demanded that the Plaintiff call him immediately. Plaintiff drove to a gas station to call his supervisor. The supervisor told the Plaintiff not to come into work the next day because they heard that the Plaintiff allegedly said "I'll slap a bitch in the face" following the meeting with Human Resources earlier that day.

17. Plaintiff did not say "I'll slap a bitch in the face" after the meeting with Human Resources.

18. On or about December 12, 2022, the Defendant was discharged for three write-ups even though he was told the whistle incident resulted in no corrective action.

19. Defendant did not allow the Plaintiff to explain, file a complaint of sexual harassment, and Defendant did not take action as to the Plaintiff's complaints.

20. Plaintiff was discriminated against because of his gender.

21. Plaintiff was retaliated against as a result of engaging in protective activity due to his gender.

22. Plaintiff was terminated due to his gender.

23. Coworkers outside the Plaintiff's protected class engaged in the same or similar conduct and were treated more favorably.

## COUNT I

24. Plaintiff incorporates by reference paragraphs 1-23.

25. Defendant, as a result of terminating Plaintiff due to his gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

26. Plaintiff incorporates by reference paragraphs 1-23.

27. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

28. Plaintiff incorporates by reference paragraphs 1-23.

29. Defendant, as a result of disciplining Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted,

/s/Julie C. Alexander
Julie C. Alexander  (25278-49)
**AMBER BOYD ATTORNEY AT LAW**
8510 Evergreen Avenue

    Indianapolis, IN 46240
    Office: 317-960-5070
    Julie@amberboydlaw.com

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

    Respectfully Submitted,

    /s/Julie C. Alexander
    Julie C. Alexander  (25278-49)
    **AMBER BOYD ATTORNEY AT LAW**
    8510 Evergreen Avenue
    Indianapolis, IN 46240
    Office: 317-960-5070
    Julie@amberboydlaw.com